# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BENJAMIN WRIGHT,

        Petitioner,    :    Case No. 1:21-CV-726

  - vs -        District Judge Michael R. Barrett
        Magistrate Judge Michael R. Merz

WARDEN, North Central
Correctional Complex,

        :
        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Benjamin Wright pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 14), and the Warden's Return of Writ (ECF No. 15). Petitioner sought and received an extension of time to file a reply (ECF Nos. 16, 17, & 18), but the mail was returned as undeliverable because Petitioner had been released. *Id.* However he has not provided the Court with a new address. His release does not render the case moot. *Maleng v. Cook*, 490 U.S. 488 (1989).

The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 19).

**Litigation History**

On September 11, 2018, a Highland County Grand Jury indicted Wright on one count of Sexual Battery in violation of Ohio Revised Code § O. R.C. 2907.03(A)(5). Wright eventually pleaded guilty and was sentenced to three years incarceration. He was granted leave to file a delayed direct appeal, but the trial court judgment was eventually affirmed. *State v. Wright,* Case No. 20CA0005 (Ohio App. 4th Dist., Oct. 26, 2020)(copy at State Court Record, ECF No. 14, Ex. 12). Wright did not timely appeal to the Supreme Court of Ohio, but his motion for delayed appeal to that court was granted. However, the Ohio Supreme Court later declined to exercise jurisdiction. *Id.* at Ex. 19.

Wright filed his habeas corpus petition in the United States District Court for the Northern District of Ohio, on July 29, 2021[1], raising the following grounds for relief:

> **Ground One**: The trial court's sentence is contrary to Ohio Revised Code 2929.11, and federal law, prohibiting discrimination as a factor into sentencing, against the Petitioner's Fourteenth Amendment to Equal Protection under the law and Due Process.
>
> **Supporting Facts**: The trial court's three (3) year prison term was based upon discriminatory factors and bias by the trial judge based upon findings in regard to the Petitioner's sexual preference, in which has no relevance to the offense charged.
>
> **Ground Two**: The trial court's sentence is wholly contrary to Ohio Law, depriving Petitioner of his Fourteenth Amendment right to Due Process and Equal Protection, under the United States Constitution, in which the term was erroneously enhanced based upon a required element of the offense itself.
>
> **Supporting Facts**: The trial court's finding of facts as to Petitioner's sentence includes a required element of the offense itself in which the Court used to "enhance" the sentence itself, when the offense could not have occurred without said element having occurred.

(Petition, ECF No. 1).

---

[1] Judge Polster of that Court transferred the case here on November 22, 2021 (ECF No. 5).

# Analysis

**Statute of Limitations**

Respondent asserts that consideration of the merits of Wright's Petition is barred by the statute of limitations.

As the Return of Writ notes, the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a one-year time limitations for filing a federal petition for habeas corpus. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case the judgment of conviction became final when Wright's time to appeal as a

matter of right expired, thirty days after sentencing, or on April 5, 2019. The one-year statute began to run the next day and continued to run until Wright filed for a delayed appeal on March 9, 2020. That filing tolled the running of the statute under § 2254(d) until the Court of Appeals affirmed the trial court on October 26, 2020, and for the next forty-five days while Wright had the right to appeal to the Supreme Court of Ohio. When that appeal period expired without a notice of appeal to the Ohio Supreme Court, the statute began to run again until it expired January 5, 2021. Respondent argues because Wright did not file until July 20, 2021, his Petition is untimely. Wright makes no response and the Magistrate Judge finds the statute of limitations defense is well taken.

**Conclusion**

Because Wright's Petition was untimely filed, it is barred by 28 U.S.C. § 2254(d) and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

September 26, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge